UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GABRIELA RESENDEZ,<br><br>　　　　　　　　Plaintiff,<br>v.<br>SMITH'S FOOD & DRUG CENTERS, INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:15-cv-00061-JAD-PAL<br><br>ORDER<br><br>(Mot to Compel and Sanctions – Dkt. #1) |

The court held a hearing on Plaintiff's Motion to Compel and for Sanctions (Dkt. #1-3, p. 40 of 154) on March 3, 2015. Daniel Simon appeared on behalf of the Plaintiff, and Jerry Busby appeared on behalf of the Defendants. The court has considered the motion, Defendants' Response (Dkt. #7), Plaintiff's Reply (Dkt. ##11) and the arguments of counsel at the hearing.

**BACKGROUND**

**I.　Procedural History.**

This case has a long and tortured procedural history. It arises out of a slip-and-fall at a Smith's grocery store on July 14, 2012. The complaint was initially filed in state court on January 13, 2014, and removed by the Defendants on February 7, 2014, and assigned Case No. 2:14-cv-00201-APG-NJK. Plaintiff filed a motion to remand February 18, 2014, to preserve her right to seek remand once she determined the identity of a Doe employee. After the parties exchanged discovery, Plaintiff filed a motion to amend her complaint to name Ryan Overbey as a Defendant in place of a Defendant Doe employee, and supplemented her motion to remand. Judge Gordon granted Plaintiff's motion to amend, and remanded the case to state court on April 7, 2014. Plaintiff filed her amended complaint naming Mr. Overbey as a Defendant April 8, 2014.

On May 7, 2014, Smith's filed a motion to reconsider requesting that Judge Gordon reconsider his order granting leave to amend and remanding the case. The matter was remanded to state court where the parties remained until January 13, 2015, when Smith's filed a second notice of removal which resulted in assigning the case a new case number and randomly assigning two new judges. Judge Dorsey and I were assigned to this case. I notified the chambers of both district judges of the unusual procedural posture of this case and that it has been removed for the second time and assigned a new case number and new judges. In an order entered March 2, 2015, Judge Gordon denied Defendants' motion for reconsideration of his prior order granting leave to amend the complaint to add Mr. Overbey as a Defendant and remanding the case to state court. Plaintiff's Motion to Remand (Dkt. #19) was filed under this case number February 12, 2015. The briefing period on the motion to remand filed under this case number has not yet run.

The two motions for sanctions set for hearing March 3, 2015 were filed in state court prior to Defendants' second notice of removal. The responses and replies were filed after the notice of removal. Neither side applied for a stay of discovery or other proceedings while the motion to remand was decided on the merits, and both motions were listed on the motions which this court needed to address in the parties joint status report concerning removal. (Dkt. #20) Accordingly, the court set these two motions for hearing to resolve the parties' disputes to allow the parties to complete discovery to get this case to ultimate resolution either here or in state court.

**II.     Plaintiff's Motion to Compel and for Sanctions (Dkt. #1-3, p. 40 of 154).**

Plaintiff's motion to compel and for sanctions seek sanctions for Smith's failure to appear for a Rule 30(b)(6) deposition initially served October 8, 2014, to take place on December 3, 2014. The motion relates the series of events that resulted in Defendants' failure to produce a Rule 30(b)(6) deponent and produce documents responsive to the subpoena duces tecum served with the notice. The parties eventually agreed to continue the 30(b)(6) deposition to December 17, 2014, amended deposition notices and related requests for production of documents were served, and the deposition went forward on December 17, 2014. However, Defendants did not

produce documents Plaintiff requested, objected to certain lines of questions, and instructed the witness not to answer.  Plaintiff therefore seeks an order compelling Defendants to produce additional documents requested in the Rule 30(b)(6) deposition notice.

Plaintiff also seeks an order compelling Defendants to respond to Request for Production of Document Nos. 7, 10, 13, 18, 19 – 24, and 26.  Finally, Plaintiff asks for an award of attorney's fees for the necessity of preparing for and taking a second deposition after the documents Plaintiff was seeking are finally produced.

Defendants oppose the motion arguing that it cannot produce what it does not have.  Specifically, Smith's claims it does not have a schematic drawing of the store showing surveillance camera locations, policies and procedures concerning review of surveillance footage and preservation, master surveillance camera footage, or a schedule of Mr. Overbey's duties on the date of the incident.  Smith's refused to produce records of prior incidents because it contends the request is overbroad and Plaintiff is hoping to go on a "proverbial fishing expedition" through Smith's files.  Smith's has not produced employee cards for employees working around the time of the fall or personnel files for these employees because the request is overbroad and will not lead to the discovery of admissible evidence.  Smith's contends that it has produced relevant portions of its policies and procedures to the Plaintiff and should not be compelled to produce anything further.  Finally, Smith's argues that even if the court was to compel Smith's to produce additional information, Plaintiff is not entitled to sanctions in the form of attorney's fees and costs because its resistance to the discovery in dispute was substantially justified.

## DISCUSSION

Smith's asserted boilerplate objections to each of the requests in dispute.  Federal courts have routinely held that boilerplate objections are improper.  *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 512 (N.D. Iowa 2000) (collecting cases and sanctioning a lawyer for using boilerplate objections in response to requests for production of documents).  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood Condo Owner's Ass'n*, 186 F.R.D. 584, 587

3

(C.D. Cal. 1999) (citations omitted). The Ninth Circuit has held "that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of document are insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. District Court for the Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005).

Having reviewed and considered the voluminous moving and responsive papers and the arguments of counsel at the hearing, the motion is granted in part and denied in part. Defendants' boilerplate objections are overruled and stricken. Defendants have not met their burden of establishing that the discovery requests are burdensome or oppressive. For example, Request No. 7 asks for a copy of accident and incident reports for the two-year period prior to Plaintiff's fall in the subject store. During oral argument, counsel for Smith's acknowledged he has represented the company for more than two decades and, in response to a question from the court, conceded that there were probably only ten or twelve slip and falls a year in a store like the one involved in this case.

The court is also not satisfied that Smith's has complied with its obligation under Rule 26(g) to make a diligent search for responsive documents. Rule 26(g) imposes obligations on attorneys and clients signing disclosures and discovery requests, responses and objections. Rule 26(g)(1) requires every discovery request, response, or objection to be signed by at least one attorney of record, or by the party personally. The rule provides that by signing a discovery request, response, or objection, "an attorney or party certifies to the best of the person's knowledge, information, and belief **formed after a reasonable inquiry**" the response is complete and correct as of the time made, and with respect to a response or objection, it is consistent with the rules, not interposed for any improper purpose, and neither unreasonable nor unduly burdensome or expensive. (Emphasis supplied). The court will therefore require Smith's to comply with the reasonable inquiry standard described by the court in *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987). Specifically, Smith's will be required, at a minimum, to distribute the discovery requests in dispute to its employees and agents potentially possessing responsive information, and to account for the collection and subsequent production of the information to the Plaintiff. To assure that Smith's actually makes

4

1  a "reasonable inquiry," the court will also order it to provide Plaintiff with declarations or
2  affidavits detailing the nature of its "reasonable inquiry" to locate responsive documents.
3       As an example, Smith's written opposition papers, and letter exchanges before the motion
4  was filed state Smith's does not have a schematic drawing of the locations of its surveillance
5  cameras in the store.  However, Smith's Rule 30(b)(6) designee, Ms. Iverson, testified at her
6  deposition that the security department would have a blueprint of the location of the surveillance
7  cameras.  Ms. Iverson was deposed December 17, 2014.  Smith's opposition to this motion was
8  filed a month later on January 16, 2015, and Smith's persists in arguing to the court that it cannot
9  produce a schematic drawing of the store showing surveillance camera locations "because no
10 such evidence exists."  Smith's clearly failed to make reasonable inquiry in responding to
11 Plaintiff's discovery requests.

**IT IS ORDERED** that:

1. Smith's shall have until **March 24, 2015**, in which to provide full and complete responses to Request for Production of Documents Nos. 7, 10, 18, 19, 20, 22, 23, 24 and 26.

2. If, after a reasonable inquiry, Smith's has no responsive documents, Smith's must supplement its discovery responses to plainly so state.

3. The motion is **DENIED** with respect to Request for Production No. 13 which is overbroad on its face in requesting the entire personnel files of ten individuals.

4. Smith's shall have until **March 24, 2015**, to supplement its discovery responses, without objections.  The court would be within its discretion to find that Smith's boilerplate objections have waived privilege.  However, the court will permit Smith's to withhold genuinely privileged documents and require it to serve a privileged document log which fully complies with the requirements of Rule 26(b)(5) for any document withheld on the basis of privilege

5. Smith's shall have until **March 24, 2015** to provide Plaintiff with declarations or affidavits detailing the nature of Smith's "reasonable inquiry" to locate responsive documents.

6. The motion is **GRANTED** to the extent the Plaintiff will be awarded reasonable costs and attorney's fees for the necessity of deposing Smith's 30(b)(6) designee a second time on the additional documents Smith's unreasonably withheld from discovery after making boilerplate objections.

7. Any request for relief not specifically addressed in this order is denied.

DATED this 16th day of March, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE