UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Gabriela Resendez,

Plaintiff

v.

Smith's Food & Drug Centers, Inc., et al.,

Defendants

Case No.: 2:15-cv-61-JAD-PAL

**Order Granting Plaintiff's Motion to Remand [Doc. 19]**

Plaintiff Gabriela Resendez moves to remand this twice-removed personal-injury case to Nevada state court, arguing that complete diversity of citizenship does not exist because Nevada residents are present on both sides of the litigation. Doc. 19. Although defendant Smith's Food & Drug Centers, Inc., complains that Nevada resident Ryan Overbey was fraudulently joined as a defendant to this suit, I find the allegations levied against him sufficient to demonstrate that he could be held directly liable for Resendez's alleged accident, making him a proper defendant in this case. But while I will remand this case to Nevada's Eighth Judicial District Court, I decline to award Resendez the sanctions she requests against Smith's because Smith's correctly observes that it had no opportunity to present its fraudulent joinder arguments to the trial court before the initial remand of this case, and its petition for removal was not entirely frivolous.

**Background**

On January 13, 2014, Resendez, a Nevada resident, sued, *inter alia*, Smith's and a Doe defendant whom Smith's employed. Doc. 1-1. She claimed that on or about July 14, 2012, while shopping in a Las Vegas based Smith's, she slipped and fell "on a slippery foreign substance," sustaining personal injuries. Doc. 1-1 at 3. She alleged that the Doe employee "failed to act reasonably and to follow known safety procedures and failed to inspect, maintain, clean and/or warn of the dangerous slippery substance and is independently liable to [her] for proximately causing the injuries alleged herein," and that Smith's is liable for the actions of its agents under a respondeat superior theory. *Id.* at 4-5. She also alleged that Smith's is liable for negligent training, hiring, and

supervision. *Id.* at 5-6.

On February 6, 2014, Smith's removed this action, claiming federal jurisdiction existed based upon diversity of citizenship. Doc. 1 in No. 14-cv-201-APG-NJK. Resendez moved both to remand (Doc. 7) and to amend her complaint (Doc. 17). Resendez argued, in connection with her motion for leave to amend, that discovery revealed the Doe defendant named in her negligence count was Ryan Overbey, a Nevada resident. Doc. 17 at 1-2. On April 4, 2014, U.S. District Judge Andrew Gordon granted Resendez's motion to amend her complaint, which added Overbey as a party and consequently destroyed federal jurisdiction. Doc. 20 at 2-3. Judge Gordon then remanded the case. Smith's request for reconsideration—arguing that Overbey was fraudulently joined—was denied. Doc. 22.

On January 12, 2015, Smith's removed the case once again and argues that Overbey had been fraudulently joined. 15-cv-61-JAD-PAL, Doc. 1. Resendez has now moved to remand the matter to Nevada state court, and for attorney's fees for having to revisit the remand issue. Doc. 19.

**Discussion**

**A.    Motion to Remand**

U.S.C. § 1441(b) allows removal to federal court based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." If the court finds that the parties to the suit are not diverse, it should remand the case to state court under 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction."[1] There is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[2] Therefore the defendant always has the burden of establishing that

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[2] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

removal is proper.[3] A fraudulent joinder does not defeat diversity.[4] "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."[5] The party asserting fraudulent joinder must overcome "both the strong presumption against removal and the general presumption against fraudulent joinder."[6]

Smith's argues that, under Nevada negligence law, Overbey was fraudulently joined because he does not owe a legal duty to Resendez. Doc. 1 at 9. Resendez argues that Overbey was undisputably an employee of Smith's, and that discovery has revealed that he "was the employee designated by Smith's and directly responsible for cleaning and inspecting the area of the premises where Plaintiff slipped and fell immediately prior to the fall," thus making him directly negligent. Doc. 19 at 4.[7]

"To recover under a negligence theory, the complainant must prove four elements: (1) that defendant owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant suffered damages."[8] In Nevada, business proprietors owe their invitees a duty to keep premises safe for their patrons.[9] "The

---

[3] *Id.*

[4] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

[5] *Id.* (quotation omitted).

[6] *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

[7] To support these propositions Resendez points to deposition testimony from Jessica Iverson, Smith's Rule 30(b)(6) witness, as well as Overbey himself. Doc. 19 at 66-75. However, these deposition excerpts would not be admissible on summary judgment because they do not include the reporter's certificate necessary for authnetication. *See* Fed. R. Civ. Proc. 56(c); *Orr v. Bank of Am.*, 285 F.3d 764, 773-75 (9th Cir. 2002). *Cf. Davis v. Metro. Lloyd's Ins. Co. of Tex.*, 2015 WL 456726, at *2 (N.D. Tex. Feb. 3, 2015) (declining to consider unauthenticated evidence submitted in support of motion to remand).

[8] *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

[9] *Elko Enterprises, Inc. v. Broyles Through Rogers*, 779 P.2d 961, 964 (Nev. 1989).

law is clear that if a legal duty exists, reasonable care under the circumstances must be exercised."[10] "Respondeat superior liability attaches only when the employee is under the control of the employer and when the act is within the scope of employment."[11] The issue of whether an employee has acted within the scope of employment is a jury question, regardless of whether the tortious acts are intentional or negligent.[12]

Resendez alleges that Overbey "failed to act reasonably and to follow known safety procedures and failed to inspect, maintain, clean and/or warn of the dangerous slippery substance and is independently liable to Plaintiff for proximately causing the injuries alleged herein." Doc. 1-2 at 6. It is entirely possible that discovery will reveal that Overbey was, himself, negligent, which makes him personally liable to the plaintiff for his own conduct, or it may reveal that Overbey was acting outside the course and scope of his employment such that he, and not Smith's, may be held liable to Resendez. Smith's has failed to overcome the "strong presumption" against removal, and the "general presumption" against fraudulent joinder. Resendez's motion to remand is granted again, and this case is remanded to Nevada's Eighth Judicial District Court, Case No. A-14-694339-C.

**B.    Attorney's Fees**

"An order remanding the case *may* require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."[13] Such fees may be awarded where a defendant has no "objectively reasonable basis for seeking removal" and, by contrast, should be denied when such an objectively reasonable basis exists.[14] Any award of such fees is ultimately left

---

[10] *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001).

[11] *Molino v. Asher*, 618 P.2d 878, 879 (1980).

[12] *Busch v. Flangas*, 837 P.2d 438, 440 (Nev. 1992); *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1180 (Nev. 1996); *Yellow Cab of Reno, Inc. v. Second Jud. Dist. Ct. of State ex rel. Cnty. of Washoe*, 262 P.3d 699, 704 (Nev. 2011).

[13] 28 U.S.C. § 1447(c) (emphasis added).

[14] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

to the discretion of the district court.[15]

In its petition for removal, Smith's claims that Judge Gordon lost jurisdiction over the matter upon ordering remand, and that, as a result, his determination on Smith's motion for reconsideration was effectively "never heard." Doc. 1 at 4. Resendez argues that because Judge Gordon's remand order from 14-cv-201 was still in force when Smith's petitioned for removal the second time, its second petition was an improper attempt to "reconsider" that reconsideration denial. Doc. 19 at 13-14. Thus, Resendez argues, Smith's had no objectively reasonable basis for again removing the action, which warrants an award of attorney's fees. *Id.*

The plain language of 28 U.S.C. § 1447(d) states, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Under Section 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This parallels Section 1447(e), which states that if a joinder "would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." The Supreme Court has noted that because the phrase "subject matter jurisdiction" appears in both sections 1447(c) and 1447(e), "when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by 1447(c) and thus shielded from review by 1447(d)."[16] The language of section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court" because "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."[17]

Smith's argument that Judge Gordon lacked authority to hear its initial motion for reconsideration begs the question of why Smith's requested that Judge Gordon reconsider his prior order in 14-cv-201 in the first place. Nevertheless, Smith's is technically correct that it did not have

---

[15] *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citation omitted).

[16] *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007). This bar on reviewability applies regardless whether the initial removal was proper. *See id.*

[17] *Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *see also Smith v. Toreh*, 2011 WL 1364186, at *1 (D. Nev. Apr. 8, 2011) (applying *Seedman*).

the opportunity to raise their fraudulent-joinder argument before remand was initially ordered, so it may not have been objectively unreasonable for Smith's to test this theory by the second removal. I note, however, that further attempts to relitigate these issues should not be well taken. Exercising my discretion, I decline to award Resendez attorney's fees.

### Conclusion

Accordingly, it is HEREBY ORDERED that Resendez's Motion to Remand **[Doc. 19] is GRANTED**; the Clerk of Court is instructed to remand this case back to the Eighth Judicial District Court, Case No. A-14-694339-C, and close this case.

DATED: April 16, 2015.

_____
Jennifer A. Dorsey
United States District Judge